IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

Tawnya E.,[1]                                          Case No. 6:19-cv-00162-AA
                                                       **OPINION AND ORDER**

       Plaintiff,

   vs.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

_____

AIKEN, District Judge:

      Plaintiff Tawnya E. brings this action pursuant to the Social Security Act ("Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner").  The Commissioner denied plaintiff's application for Disability Insurance Benefits.  For the reasons set forth

_____

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

below, the Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with the Court's opinion.

## BACKGROUND

On December 10, 2015, plaintiff applied for Disability Insurance Benefits. Tr. 15. Plaintiff alleged disability beginning November 3, 2015, due to degenerative disc disease, depression, and chronic pain. Tr. 67. After a hearing, the administrative law judge ("ALJ") determined that plaintiff was not disabled under the Act. Tr. 15. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Tr. 1.

## STANDARD OF REVIEW

A reviewing court shall affirm the decision of the Commissioner if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the district court must review the administrative record as a whole, weighing both the evidence that supports and detracts from the decision of the ALJ. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## COMMISSIONER'S DECISION

The Social Security Administration uses a five-step sequential evaluation to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The burden of proof falls to the claimant at steps one through four, and with the Commissioner at step five. *Id.*; *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner must show that the claimant can adjust to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is disabled. *Id.* If, however, the Commissioner proves that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Id.*

The ALJ found that plaintiff was not disabled. Tr. 16. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since November 3, 2015, her alleged onset date. Tr. 18. At step two, the ALJ found that plaintiff's degenerative disc disease was a severe impairment. *Id.* At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 20. Before proceeding to step four, the ALJ determined that plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following limitations:

[P]laintiff can occasionally handle and finger bilaterally; plaintiff can never climb ladders, ropes, or scaffolds; plaintiff can occasionally crawl; and plaintiff can occasionally reach overhead bilaterally.

*Id.*

At step four, the ALJ found that plaintiff is unable to perform any past relevant work. Tr. 23. At step five, the ALJ found, based on plaintiff's age, education, work experience, and RFC, that jobs exist in significant numbers in the national economy that plaintiff can perform. Tr. 24. Specifically, the ALJ found that plaintiff may perform the requirements of occupations such as Sandwich Board Carrier, Usher, and Call-Out Operator. *Id.* Thus, the ALJ concluded that plaintiff was not disabled under the Act. Tr. 25.

## DISCUSSION

Plaintiff contends that the ALJ erred in three ways in determining that she was not disabled. First, the ALJ failed to identify clear and convincing reasons supported by substantial evidence in the record to discount plaintiff's subjective symptom testimony. Second, the ALJ failed to identify legally sufficient bases supported by substantial evidence in the record to discount the medical opinion of James Morris, MD. Third, the ALJ failed to identify legally sufficient bases supported by substantial evidence in the record to discount the competent lay witness statements of plaintiff's spouse. The Court addresses each argument in turn.

### I.   *Plaintiff's Subjective Symptom Testimony*

Plaintiff testified to the impacts of her physical and mental conditions at the hearing, *see* Tr. 31–54, and in a Functional Report, *see* Tr. 178–185. The ALJ

discounted plaintiff's subjective symptom testimony concerning the "intensity, persistence, and limiting effects" of her symptoms. Tr. 20. Plaintiff argues that the ALJ failed to provide legally sufficient reasons to discount this testimony. Pl.'s Br. 5.

When the ALJ concludes that a claimant provided objective medical evidence "of an underlying impairment which might reasonably produce the pain or other symptoms alleged, the ALJ may 'reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). An ALJ's general findings of disability are insufficient; the ALJ must identify the testimony he finds not credible and specifically identify what evidence undermines the claimant's testimony. *Id.* at 494 (internal quotation marks omitted).

Here, the ALJ found that plaintiff suffered an underlying physical impairment that could reasonably be expected to produce plaintiff's alleged symptoms. Tr. 20. The ALJ discounted plaintiff's testimony, finding plaintiff's "statements concerning the intensity, persistence, and limiting effects" of her symptoms "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 20. But the ALJ did not go on to provide those reasons. Instead, the ALJ discussed and assigned weight to medical source opinions and lay testimony, without relating them to plaintiff's testimony in any way. Tr. 20–22. Thus, the ALJ's remarks that plaintiff's testimony was "not entirely consistent with the medical evidence" is an insufficient, general finding. *See Brown-Hunter*, 806 F.3d

Page 5 – OPINION AND ORDER

at 494 (concluding that the ALJ erred by providing a generalized, boilerplate reason for rejecting the plaintiff's symptom testimony without specifying which statements were credible and why and simply summarizing the medical evidence instead); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("An ALJ's vague allegation that a claimant's testimony is not consistent with the objective medical evidence, without any specific findings in support of that conclusion is insufficient for [judicial] review." (internal quotation marks omitted)).

The Commissioner argues that the ALJ properly incorporated the rest of the decision by reference and asserts that the recent decision in *Sandra P. v. Berryhill*, No. 3:18-cv-00311-SB, 2019 WL 2413315 (D. Or. Apr. 8, 2018) supports the Commissioner's position. But the ALJ's decision in *Sandra P.* is distinguishable from the decision here. First, the ALJ's rationale for discounting lay witness testimony was at issue in *Sandra P.* Therefore, the ALJ's decision was subject to the must less exacting "germane" standard than the clear, convincing, specific, and legitimate standard applicable to the ALJ's rationale here. Second, the scope of the ALJ's incorporation by reference was much narrower. There, the ALJ rejected the lay testimony because it was "inconsistent with the objective findings, described above." *Id.* at * 10. Thus, it was not difficult for the court to find the specific "objective findings" that the ALJ found were inconsistent with the testimony at issue. Here, the ALJ broadly referred to all the "medical evidence and other evidence in the record" and, generally "for the reasons explained in this decision."

Thus, the ALJ erred by making only a general credibility finding without providing any reviewable reasons to discount plaintiff's testimony and that error was not harmless. *See Brown-Hunter*, 806 F.3d at 494–95.

## II.    *Medical Source Opinion of James Morris, MD*

James Morris, MD, was plaintiff's regular pain management doctor since May 2009. Tr. 549.  In April 2016, after performing a physical examination, Dr. Morris opined that plaintiff's condition limited her to 8 hours a week of sedentary work at a self-paced and self-directed activity level.  Tr. 490.  In a 2017 questionnaire provided by plaintiff, Dr. Morris opined that plaintiff's medical issues would result in her missing work 3 or 4 days per month.  Tr. 550.  Dr. Morris further noted in that questionnaire that plaintiff would need to take unscheduled breaks during an 8-hour workday as frequently as 4 times a day for 15-20 minutes each.  Tr. 552.  The ALJ afforded Dr. Morris' opinions "little weight."  Tr. 21.

When making a disability determination, the ALJ is required to consider and explain the weight afforded to every medical opinion in the record.  20 C.F.R. § 404.1527(c).  Social security law recognizes three types of medical sources: (1) treating, (2) examining, and (3) non-examining.  *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).  Generally, more weight is given to the opinion of a treating physician than to the opinion of those who do not actually treat the claimant.  *Id*. More weight is also given to an examining physician than to a non-examining physician.  *Id*.  To reject the uncontradicted opinion of a treating doctor, an ALJ must state "clear and convincing reasons that are supported by substantial evidence."

*Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). If, however, a treating doctor's opinion is contradicted by the opinion of another physician, the ALJ must provide "specific and legitimate reasons" for discrediting the treating doctor's opinion. *Id.* If the ALJ does not "set forth specific, legitimate reasons for crediting one medical opinion over another, he errs." *Garrison*, 759 F.3d. at 1012 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

Here, Dr. Morris' opinions were contradicted by the medical opinions from Lloyd Wiggins, MD, and Neal Berner, MD. Thus, the ALJ could properly reject Dr. Morris' opinions by providing specific and legitimate reasons supported by substantial evidence.

The ALJ discounted Dr. Morris' 2016 opinion that plaintiff was limited to 8 hours of self-paced and self-directed sedentary work per week for several reasons. First, the ALJ reasoned that the opinion was "not consistent with the objective evidence from [Dr. Morris'] contemporaneous physical evaluation." Tr. 21. The ALJ noted that Dr. Morris observed that plaintiff's gait and stance were normal, that plaintiff demonstrated fair range of motion in her back and lower extremities, and that plaintiff had no joint abnormalities in her shoulders and upper extremities. Tr. 21. An ALJ may reject an opinion that is inconsistent with examination findings. *Buck v. Berryhill*, 869 F.3d 1040, 1050 (9th Cir. 2017). But, here, plaintiff argues that the ALJ's reasoning is not supported by substantial evidence. Specifically, plaintiff asserts that the ALJ relied on a selective reading of Dr. Morris' examination findings. *See Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) (in

discounting a physician's findings, an ALJ may not selectively rely on certain evidence to support the conclusion that a plaintiff is not disabled).

The ALJ did not err when he found Dr. Morris' opinion that plaintiff should be limited to 8 hours of sedentary work per week was inconsistent with Dr. Morris' other findings from that examination. Although the ALJ did not recite certain abnormal findings from that exam, such as restricted flexion and extension of plaintiff's neck, presence of myofascial banding and trigger points, and tender points on the neck and shoulders, it is unclear how those abnormal findings support a limitation of 8 hours of sedentary work per week. Thus, the ALJ did not selectively rely on the positive findings from the April 2016 exam to support a finding of non-disability because the abnormal findings do not clearly support Dr. Morris' opinion.

Second, the ALJ reasoned that Dr. Morris' 2016 opinion was inconsistent with plaintiff's own statements about the severity of her pain. Specifically, the ALJ observed that, on the day of the exam, plaintiff "reported minimal pain symptoms of '3 out of 10' where 0 equals no pain, and 10 equals the worst imaginable pain." Tr. 21. An ALJ may reject opinion evidence that is inconsistent with a plaintiff's statements. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999). Plaintiff contends that the ALJ mischaracterized plaintiff's pain reports, which in context showed that her pain levels were at a "3 out of 10" during that exam, was because her activity levels at the time were "sub-sedentary." Pl.'s Br. at 11. But, at the same exam, plaintiff reported that she was exercising three times a week in 90-minute increments. Tr. 489. Plaintiff specified that her exercises included

stretching, biking, walking, and lifting weights. *Id.* Thus, the record does not support plaintiff's assertion that lower pain levels are contingent on sub-sedentary activities levels, and the ALJ's second reason is supported by substantial evidence.

Third, the ALJ reasoned that Dr. Morris' 2016 opinion was inconsistent with plaintiff's report that "her pain control was 'satisfactory.'" Tr. 21. An ALJ may consider whether an opinion is inconsistent with progress notes showing that a claimant improved with treatment. *Crosby v. Comm'r of Soc. Sec. Admin.*, 489 Fed. App'x 166, 168 (9th Cir. 2012). Here, again, plaintiff argues that the ALJ selectively relied on a positive finding to discount Dr. Morris' other findings from the April 2016 examination. Pl.'s Br. at 11. She argues that the ALJ did not consider that plaintiff had reported that her pain levels improved from earlier in the week. *Id.*

The treatment record supports the ALJ's finding that Dr. Morris' opinion is inconsistent with plaintiff's report that her pain control was satisfactory. Although plaintiff reported a "5 out of 10" in pain severity earlier in the week, Tr. 488, a "5 out of 10" is not outcome determinative for disability. Further both pain reports were an improvement from her July 2014 report of "7 out of 10" in pain severity, which was made while plaintiff maintained gainful employment at her retail job. Tr. 269. Thus, the ALJ could reasonably rely on plaintiff's report of improved pain levels to discount Dr. Morris' opinion.

Finally, plaintiff argues that the 2016 examination "is not alone substantial evidence that justifies the ALJ's decision to reject his informed opinion." Pl.'s Br. at 11. Plaintiff notes that Dr. Morris' opinion was not the result of one examination, but

that it was based off plaintiff and Dr. Morris' seven-year treatment relationship. *Id.* But Dr. Morris' finding that plaintiff should be limited to 8 hours of sedentary work per week is not consistent with Dr. Morris' treatment notes from the seven-year-long treatment relationship. At a March 2014 examination, where plaintiff reported more severe pain levels than during the April 2016 examination, she also reported that she was able to function and be active at her retail job. Tr. 255. At an August 2015 examination, plaintiff reported improved pain levels and function. Tr. 306. Plaintiff's pain reports and Dr. Morris' objective findings are comparable both before and after plaintiff reported the onset of her disability. At the April 2016 exam, Dr. Morris reported no significant findings regarding plaintiff's condition that support why she should now be limited to 8 hours of sedentary employment per week at that time as opposed to before. Thus, Dr. Morris' treatment record also supports the ALJ's treatment of Dr. Morris' opinion.

Similarly, the ALJ discounted Dr. Morris' November 2017 opinions as inconsistent "with the contemporaneous treatment record." Tr. 22. Dr. Morris' November 2017 opinions were not based on a contemporaneous examination, thus, the ALJ turned to treatment notes from that timeframe. Specifically, the ALJ pointed to treatment notes from Ms. Buel, a nurse practitioner who practiced at the same office as Dr. Morris and saw plaintiff regularly. *Id*. The ALJ noted that, at a November 2017 appointment, Ms. Buel observed that plaintiff presented with "minimal pain behavior," and that plaintiff appeared healthy and well-groomed. Tr. 22. The ALJ also noted Ms. Buel's findings that that plaintiff had a "normal gait and

station, adequate range of motion, and normal motor muscle strength, sensation and reflexes, despite complaints of tender points." Tr. 22. Further, the ALJ noted that, at an August 2017 appointment, plaintiff reported that her pain control was "satisfactory," and Ms. Buel observed that plaintiff "appeared 'healthy' and was 'stable.'" *Id*.

Plaintiff argues that the ALJ selectively read the treatment record in assigning little weight to Dr. Morris' November 2017 opinion as stated on the questionnaire. Plaintiff claims that the ALJ failed to consider Ms. Buel's abnormal findings, such as "tender points and limited rotation throughout the neck; bilateral symmetric tender points in the shoulders, back, and upper and lower extremities; myofascial banding and triggering in the posterior hip girdles; elevated autonomic arousal on palpation; and diffuse allodynia." *Id*.

The ALJ's failure to recite every finding from the treatment record is not error. At the November exam, plaintiff reported that she is a busy mom with her daughters. Tr. 535. Plaintiff also reported that she was still exercising, walking, lifting weights, and stretching. Tr. 536. Plaintiff's own reports of her activity levels do not support Dr. Morris' opinion that plaintiff will need to lie down 3-6 times per day, take 4 unscheduled breaks, and miss work 3-4 days per month. Ms. Buel's abnormal findings, such as tender points and limited rotation of plaintiff's neck, do not clearly support Dr. Morris' November 2017 opinion either. Thus, the ALJ's inferences that plaintiff's activities and pain levels were inconsistent with Dr. Morris' opinions on

Page 12 – OPINION AND ORDER

the questionnaire are supported by evidence in the contemporaneous treatment notes.

Thus, the ALJ stated legally sufficient reasons supported by substantial evidence for discounting Dr. Morris' opinion from the April 2016 exam, as well as from the November 2017 questionnaire.

### III.    *Lay Witness Testimony*

Plaintiff's spouse, Mark E., submitted a Third Party Function Report, which provided information on how plaintiff's conditions limit her activities. Tr. 202. In that report, Mark E. opined that "all [plaintiff's] physical mobility [is] affected" because of the pain she experiences. Tr. 207. He further opined that plaintiff's condition affects her ability to lift, squat, bend, stand, reach, walk, sit, kneel, talk, climb stairs, remember, complete tasks, concentrate, get along with others, and understand. *Id.* The ALJ assigned Mark E.'s testimony "little weight." Tr. 22.

In order to discount lay witness testimony, the ALJ must provide "reasons that are germane to each witness." *Nguyen*, 100 F.3d at 1467 (quoting *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir.1993)). Here, the ALJ offered two germane reasons to discount Mark E.'s testimony. First, the ALJ found that the testimony was inconsistent with the assessments and opinions of Drs. Wiggins, Berner, Boyd, and Ju. Tr. 22. Drs. Wiggins, Berner, Boyd, and Ju are all acceptance medical sources, and inconsistency with the opinion of an acceptable medical source is a germane reason for rejecting lay testimony. *See Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015). Second, the ALJ found that Mark E's testimony that plaintiff cannot lift

any weight and that "all [of plaintiff's] physical mobility [is] affected" by her conditions was inconsistent with plaintiff's reported activities of lifting up to 30 pounds, lifting weights, and doing yoga. *Id.*; *see also Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012) (inconsistency with a claimant's reported activities is another germane reason for rejecting lay testimony).

Thus, the ALJ did not err in discounting the lay witness testimony of plaintiff's spouse, Mark E.

### IV.    *Type of Remand*

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1177–78 (9th Cir. 2000). Under the credit-as-true doctrine, a reviewing judge must undertake a three-step inquiry to make the determination on which type of remand is appropriate. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014). First, the reviewing court must determine whether the ALJ committed harmful legal error, such as failing to provide legally sufficient reasons for rejecting certain testimony. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (citing *Burrell*, 775 F.3d at 1141). Next, if the court finds such an error, it must "review the record as a whole and determine whether it is fully developed, free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id.* (internal quotation marks omitted).

The ALJ committed legal error when the ALJ did not provide specific, clear, and convincing reasons to discount plaintiff's testimony regarding her physical

impairment.  This error is harmful because, if properly credited, plaintiff's testimony could change the ultimate outcome of this case and preclude her from gainful employment.  Plaintiff testified that she needs to lay down and apply ice for at least 2 hours throughout the day in intervals of 30 minutes.  Tr. 51–52.  The vocational expert testified that, generally, jobs do not permit a person to lie down or recline outside of normal breaks.  Tr. 63.  But the Court cannot find that this record is free from conflicts and ambiguities.  Accordingly, remand for further proceedings is the appropriate remedy.

On remand, the ALJ must provide specific, clear and convincing reasons for discounting plaintiff's testimony, or credit it as true and revise plaintiff's RFC to include plaintiff's testimony regarding her physical limitations.

## CONCLUSION

The ALJ's decision is REVERSED and the case is REMANDED for further proceedings consistent with the Court's opinion.

IT IS SO ORDERED.

Dated this  16th  day of April 2021.


_____/s/Ann Aiken_____
Ann Aiken
United States District Judge